UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH R. KOAN, SR.,

    Petitioner,

v.

BONITA HOFFNER,

    Respondent.
_____/

Case No. 1:14-cv-204

HON. JANET T. NEFF

**OPINION AND ORDER**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) recommending that this Court deny the petition as time-barred. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order. The Court will also issue a Judgment in this § 2254 proceeding. *See Gillis v. United States*, 729 F.3d 641, 643 (6th Cir. 2013) (requiring a separate judgment in habeas proceedings).

Petitioner objects on the ground that his due process protection to a fair and impartial review of his petition for writ of habeas corpus has been violated. He, in effect, argues that the Magistrate Judge erred in failing to apply the "actual innocence exception" to the time-bar, by citing a prior habeas petition filed by him. Petitioner asserts he never filed a prior habeas petition (Pet'r Obj., Dkt

12 at Page ID# 89). The public docket contradicts Petitioner's assertion—he previously filed a petition for writ of habeas corpus in the Western District of Michigan on July 20, 2001, Case No. 1:01-cv-463. The record of Petitioner's trial proceedings in state court was submitted in connection with his previous petition (*see* R & R at Page ID# 79). The Magistrate Judge properly relied on the trial court record to conclude that Petitioner's "new" evidence does not satisfy the standard for applying the "actual innocence" exception (*id.*). In any event, the Magistrate Judge also found that even if the petition were not time-barred, it failed on the merits (*id.* at Page ID# 83). Petitioner's objections are without merit.

Subsequent to Petitioner's Objections to the Report and Recommendation, he has filed a number of miscellaneous motions/requests: Motion for New Polygraph Test (Dkt 16); Motion for Release on a Personal Recognizance Bond pending decision (Dkt 18); Motion for order to change and lower date for release, and for copies of transcripts and prison medical files (Dkt 20); Motion to resentence, reduce sentence, and release from sentence (Dkt 24); motion requesting transfer out of the state of Michigan (Dkt 25); Motion to be tried on the 22 remaining charges of his case (Dkt 26). Because Petitioner's habeas corpus petition is barred by the one-year statute of limitations and/or without merit, these motions for relief are denied as moot.[1]

The Magistrate Judge recommended that a certificate of appealability (COA) be denied (Dkt 11 at Page ID# 87). *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review

---

[1]To the extent they are not moot, e.g., a request for prison medical records, the Court finds no proper basis for the relief sought in this action.

the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Upon review, this Court finds that reasonable jurists would not find the Court's procedural ruling debatable as to each issue asserted.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484. Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's actual innocence or ineffective assistance claims debatable or wrong. A certificate of appealability will therefore be denied.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (Dkt 12) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 11) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the petition for habeas corpus relief (Dkt 6) is DENIED for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that the pending motions (Dkts 16, 18, 20, 24-26) are DENIED.

**IT IS FURTHER ORDERED** that a certificate of appealability pursuant to 28 U.S.C. §2253(c) is DENIED as to each issue asserted.


Dated: July 20, 2015                         /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge